UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD KEVIN STEIGER,

    Plaintiff,

v.                                               CASE NO:
                                                 HONORABLE:

PRESQUE ISLE COUNTY, CARL ALTMAN,
STEPHEN LANG, ROBERT SCHELL, and
MICHAEL DARGA, in their individual and official
capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT.

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-captioned Defendants, states as follows:

1. Plaintiff is a resident of the City of Rogers City, County of Presque Isle, State of Michigan.

2. Plaintiff is, and was at all relevant times mentioned herein, the Presque Isle County Prosecutor.

3. At all relevant times herein, Defendant Altman is and/or was the chairman of the Presque Isle County Board of Commissioners, was acting under color of law, within the course and scope of his position as a County Commissioner, and within his individual and official capacities.

4. At all relevant times herein, Defendant Lang is and/or was a Commissioner of the Presque Isle County Board of Commissioners, was acting under color of law, within the course and scope of his position as a County Commissioner, and within his individual and official capacities.

5. At all relevant times herein, Defendant Schell is and/or was the vice-chairman of the Presque Isle County Board of Commissioners, was acting under color of law, within the course and scope of his position as a County Commissioner, and within his individual and official capacities.

6. At all relevant times herein, Defendant Darga is and/or was a commissioner of the Presque Isle County Board of Commissioners, was acting under color of law, within the course and scope of his position as a County Commissioner, and within his individual and official capacities.

7. All events giving rise to this lawsuit occurred in the County of Presque Isle, located in the State of Michigan.

8. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

9. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the First and Fourteenth Amendments to the United States Constitution, and consequently Plaintiff has viable claims for damages under 42 U.S.C. § 1983.

10. Plaintiff also has viable state law claims.

11. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## FACTS

12. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

13. Plaintiff is, and has been, the Presque Isle Prosecuting Attorney since October of 2006.

14. Over the course of years as a prosecutor, Plaintiff has refused to turn a blind eye to the unlawful acts of police officers or police agencies in Presque Isle County; and has been an outspoken critic of police officers and/or police agencies who attempt to trample on the rights of citizens, specifically but not limited to, the Presque Isle County Sheriff's Department.

15. On October 24, 2014, Plaintiff filed a civil rights action in federal court which was assigned to Judge Thomas L. Ludington (Case Number 14-14110) against various officers affiliated with the Michigan State Police ("MSP") and the Huron Undercover Narcotics Team ("HUNT").

16. HUNT specifically involved members of the Presque Isle County Sheriff's Department.

17. On or about September 24, 2014, Defendants Schell and Lang comprised the Personnel Committee of the Presque isle County Board of Commissioners.

18. In September of 2014, Sheriff Robert Paschke falsely accused Plaintiff of having an affair with an individual who had brought litigation against him and Presque Isle County. This was told to Defendants Schell and Lang.

19. On or about September 25, 2014, Plaintiff contacted Defendant Lang and advised Defendant Lang that Sheriff Robert Paschke denied making any such statements to the Personnel Committee.

20. In response, Defendant Schell advised Plaintiff in an email that Plaintiff, Defendant Schell, Defendant Lang, and Sheriff Paschke would meet on September 30, 2014, at 3:00 p.m. for a Personnel Committee meeting in order to address the aforementioned issue.

21. Historically, these Personnel Committee meetings are not attended by any members of the public.

22. However, at the September 30, 2014, Personnel Committee meeting, a judge was present, a news reporter was present, and an attorney representing Sheriff Paschke was also present; all of which was unprecedented.

23. Within seven (7) days of the Personnel Committee meeting, a news article was released that falsely accused Plaintiff of "adding fuel to the fire" with respect to the various legal and civil rights issues occurring within the Presque Isle County Sheriff's Department.

24. In November of 2014, Defendants voted against giving Plaintiff a raise for the 2015 calendar year because of inmate lawsuits which had been filed against officers of the Presque Isle County Sheriff's Department, due in part to Plaintiff's speech of civil rights violations occurring in that jail and/or his other actions.

25. The federal lawsuit which had been filed on Plaintiff's behalf (Case Number 14-14110), was dismissed without prejudice upon stipulation of the parties; and was subsequently refiled on July 27, 2015 (Case Number 15-12627).

26. When Plaintiff re-filed his civil rights action (Case Number 15-12627), he added two individuals as Defendants, namely Joseph Brewbaker and Robert Paschke, who were not named in the first lawsuit.

27. Significantly, Joseph Brewbaker is the Undersheriff of the Presque Isle County Sheriff's Department; and Robert Paschke is the Sheriff of Presque Isle County.

28. On or about August 28, 2015, the Presque Isle County Board of Commissioners held a meeting.

29. One of the additions to the August 28, 2015, agenda to be decided by the Presque Isle County Board of Commissioners was whether to continue using Plaintiff as its civil counsel.

30. Each of the named Defendants voted in favor of removing Plaintiff from his role as civil counsel.

31. Defendants removed Plaintiff because of his exposure of and speaking out against the unlawful activities occurring at the Presque Isle County Jail.

32. Defendants further voted to remove Plaintiff as civil counsel because of his filing of lawsuits.

33. Defendants terminated Plaintiff's services because they "lost confidence" in him; due to his filing of lawsuits and his speech about the unlawful actions of elected and public official occurring in the county of Presque Isle.

34. Each of the named Defendants voted to terminate the services of Plaintiff.

35. As a result of Defendants' unlawful actions and/or inactions, Plaintiff suffered injuries and damages.

## COUNT I
## 42 U.S.C. § 1983
## VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION—RETALIATION

36. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

37. Defendants were at all times acting under color of law and within the course and scope of their duties.

38. That Plaintiff's complaints as referenced above addressed matters of public concern that outweighed any governmental interest in suppressing Plaintiff's speech.

39. Plaintiff's speech was speech protected by the First Amendment to the United States Constitution.

40. As a result of Plaintiff's disclosures, Defendants retaliated against Plaintiff and denied him the benefit of continued employment.

41. Plaintiff's complaints, actions, and/or reports were protected by the First Amendment to the United States Constitution.

42. Defendants tarnished Plaintiff's reputation and terminated his employment in reaction to Plaintiff's exercise of his First Amendment rights.

43. Defendants' conduct was designed to silence Plaintiff and prevent him from making complaints; and would likely prevent an ordinary person from continuing to engage in the exercise of free speech.

44. Defendants terminated Plaintiff's services for no justifiable reason whatsoever.

45. Defendants' conduct violated Plaintiff's constitutional rights and as such, they are not entitled to qualified immunity with respect to their actions.

46. As a result of the conduct complained of herein, Plaintiff suffered a deprivation of clearly established rights protected and secured by the First Amendment to the United States Constitution and by other laws, including his right to free speech, and his right to be free from retaliation for exercising his right to free speech.

47. That as a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer injuries and damages.

48. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), along with interest, costs, attorney fees, and punitive and exemplary damages, for those injuries and damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled to in law and equity.

## COUNT II
## 42 U.S.C. § 1983
## VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION—RIGHT TO PETITION

49. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

50. Defendants were at all times acting under color of law and within the course and scope of their duties.

51. Plaintiff's filing of federal civil rights lawsuits as referenced above constituted protected conduct.

52. Plaintiff's participation in civil lawsuits and his access to the courts are protected activities and is protected under the First Amendment of the United States Constitution.

53. The right of Plaintiff to file a lawsuit for redress of grievances and the right of access to the courts is a right protected by the First Amendment to the United States Constitution.

54. Defendants retaliated against Plaintiff for filing lawsuits as referenced herein, which clearly and unequivocally violated Plaintiff's First Amendment rights.

55. Because of Plaintiff's protected activity, Defendants took adverse actions against Plaintiff.

56. That as a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer injuries and damages.

57. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), along with interest, costs, attorney fees, and punitive and exemplary damages, for those injuries and damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled to in law and equity.

## COUNT III
## MICHIGAN WHISTLEBLOWERS' PROTECTION ACT
## MCL § 15.361, *et seq*

58. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

59. At all times relevant to this complaint, Plaintiff was employed by and worked for Defendants, covered by and within the meaning of the Whistleblowers' Protection Act, MCLA 15.361 et seq., MSA 17.428(1) et seq.

60. Plaintiff's good faith reports to the Michigan Attorney General and Department of State police and the courts regarding violations of law conducted by public employees constituted protected activity under the Michigan Whistleblowers' Protection Act, MCL 15.361, *et seq.*

61. Plaintiff's filing of federal civil rights complaints, which exposed governmental officials' conduct to the courts, constituted protected activity.

62. As a result of Plaintiff's protected activity, Defendants retaliated against him by voting for and ultimately terminating his employment.

63. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, he sustained injuries and damages including, but not necessarily limited to:

   a. Loss of earnings, past, present and future;

   b. Loss of earning capacity;

   c. Loss of career opportunities;

   d. Loss of fringe and pension benefits, past, present and future;

   e. Mental and emotional distress;

   f. Loss of reputation and esteem in the community;

   g. Loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), along with interest, costs, attorney fees, and punitive and exemplary damages, for those injuries and damages so wrongfully

sustained, along with any other relief to which Plaintiff may be entitled to in law and equity.

                              Respectfully Submitted,
                              CHRISTOPHER TRAINOR & ASSOCIATES

                              BY: **s/ Shawn C. Cabot**
                              CHRISTOPHER J. TRAINOR (P42449)
                              AMY J. DEROUIN (P70514)
                              SHAWN C. CABOT (P64021)
                              Attorney for Plaintiff
                              9750 Highland Road
                              White Lake, MI  48386
                              (248) 886-8650
                              shawn.cabot@cjtrainor.com

Dated:  November 24, 2015
SCC/

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

RICHARD KEVIN STEIGER,

    Plaintiff,

v.                                                                                          CASE NO:
                                                                                                  HONORABLE:

PRESQUE ISLE COUNTY, CARL ALTMAN,
STEPHEN LANG, ROBERT SCHELL, and
MICHAEL DARGA, in their individual and official
capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

## **DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

                                                Respectfully Submitted,
                                                CHRISTOPHER TRAINOR & ASSOCIATES

BY: **s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
SHAWN C. CABOT (P64021)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

November 24, 2015
SCC/