UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD KEVIN STEIGER,

                    Plaintiff,                                    Case No. 15-cv-14142

v                                                                 Honorable Thomas L. Ludington

PRESQUE ISLE COUNTY, et al.,

                    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS, GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO AMEND, SETTING DEADLINE,
AND EXTENDING SCHEDULING ORDER**

Plaintiff Richard Kevin Steiger, the County Prosecutor for Defendant Presque Isle County, initiated the above-captioned matter by filing his complaint on November 24, 2015. *See* Compl., ECF No. 1. Plaintiff alleges that, in response to his attempts to expose corruption in the Presque Isle County Sheriff's Department, Defendant Presque Isle and various members of the Presque Isle County Board of Commissioners denied him a raise for the 2015 calendar year and voted to discontinue using him as civil counsel. Plaintiff alleges that these actions constitute a violation of Plaintiff's First Amendment rights to free speech and to petition government under 42 U.S.C. § 1983, and a violation of the Michigan Whistleblowers' Protection Act ("WPA"), Michigan Compiled Law § 15.361.

On August 1, 2016 Plaintiff Steiger filed a motion for leave to file a first amended complaint. *See* ECF No. 15. Plaintiff seeks to add § 1983 claims against two additional parties, Presque Isle Sherriff Robert Paschke and Judge Donald McLennan, alleging that they too violated his First Amendment rights to petition government and to be free from retaliation. *See*

Mot to Amend ¶ 7.   Plaintiff also seeks to amend his complaint to add facts supporting a claim of constructive discharge.  *Id*. at ¶ 4 ("on or about March 4, 2016, Plaintiff issued a Press Release which indicated that he will not be seeking re-election as a result of the unlawful retaliation that he has endured while employed as a prosecutor for Defendant Presque Isle County.").   On August 24, 2016 Defendants filed a motion to dismiss Plaintiff's complaint, arguing in part that the individual Defendants are entitled to legislative immunity. *See* ECF No. 20.  For the reasons stated below, both motions will be denied.

## I.

Plaintiff Steiger, a resident of Rogers City, Michigan, has served as the elected Prosecutor for Defendant Presque Isle County since 2006.  *See* Compl. ¶¶ 1-2, 13. Defendant Presque Isle County is a governmental entity within the State of Michigan.  At all relevant times, the named Defendants served on the Presque Isle County Board of Commissioners: Defendant Carl Altman as the chairman, Defendant Robert Schell as the vice-chairman, and Defendant Stephen Lang and Defendant Michael Darga as commissioners (altogether "Defendant Commissioners"). *Id*. at ¶¶ 3-6. Plaintiff alleges that during the events in question Defendants Commissioners were acting under color of law within the scope of their duties and within their individual and official capacities.[1] *Id*.

## A.

Over the course of his tenure as prosecutor for Presque Isle County, Plaintiff Steiger alleges that he became "an outspoken critic of police officers and/or police agencies who attempt to trample on the rights of citizens, specifically but not limited to, the Presque Isle County Sheriff's Department." Compl. ¶ 14.   In a separate lawsuit filed by Plaintiff against various officers affiliated with the Michigan State Police ("MSP") and the Huron Undercover Narcotics

---

[1]

Team ("HUNT"), a taskforce that included members of the Presque Isle County Sheriff's Department, Plaintiff alleged that he was maliciously investigated and prosecuted for fraudulently obtaining prescription drugs in retaliation for his criticism of their conduct and procedures. *See Steiger v. Hahn*, Case No. 14-cv-14110 (E.D. Mich., October 24, 2014), ECF No. 1. That lawsuit was dismissed shortly after the commencement of discovery upon the stipulation of the parties due to "unforeseen medical circumstances." *Id.* at ECF No. 28.

The lawsuit was subsequently refiled on July 27, 2015. *See Steiger v. Hahn*, Case No. 15-cv-12627 (E.D. Mich., July 27, 2015). Plaintiff attempted to add claims against Sheriff Paschkie and Undersheriff Brebaker, which were dismissed as they were barred by the statute of limitations. *Id.* at ECF No.  The remaining Defendants' motion for summary judgment was granted on September 30, 2016 after the Court determined that a reasonable officer could have concluded that probable cause existed for the investigation, arrest, and prosecution of Steiger for fraudulently obtaining prescription drugs. *Id.* at ECF No. 55.  As a result, the Court determined that Defendants were protected by qualified immunity with respect to Steiger's § 1983 claims of unreasonable seizure and malicious prosecution under the Fourth Amendment. *Id.*  The Court further determined that, because a reasonable officer could have believed that probable cause existed for the criminal charges, Steiger could not proceed on his claim of First Amendment retaliation or his claim that his Fourteenth Amendment due process rights had been violated. *Id.* Steiger's remaining state law gross negligence claim was dismissed without prejudice. *Id.*

**B.**

Plaintiff Steiger's dispute with Defendant Commissioners allegedly began in September of 2014, after Presque Isle Sheriff Robert Paschke accused Plaintiff of having an affair with Denise Stacer. *See* Compl. ¶¶ 18-19. Ms. Stacer is a former Chief Juvenile Officer for Presque

Isle County who reported to Probate Judge Donald McLennan. On December 19, 2014, Ms. Stacer filed suit against Judge McLennan, Sheriff Paschke, and Undersheriff Joseph Brebaker, alleging that she was terminated from her position and reassigned to a part time position with Michigan District Judge Maria Barton in retaliation for reporting that she had been sexually harassed by a corrections officer assigned to the Presque Isle County Jail. *See Stacer v. Presque Isle County*, Case No. 14-cv-14814 (E.D. Mich. Dec. 19, 2014). According to Ms. Stacer, the corrections officer was eventually convicted of one charge of criminal sexual conduct in the fourth degree. *Id.* Ms. Stacer subsequently amended her complaint to add Judge Barton as a defendant after Judge Barton terminated Ms. Stacer's employment. *Id.* at ECF No. 6. That action was dismissed by stipulation after the parties reached a settlement agreement. *Id.* at ECF Nos. 41-42.

After Sheriff Paschke denied accusing Plaintiff Steiger of having an affair with Ms. Stacer, Defendant Schell and Defendant Lang, who made up the Commissioner's Personnel Committee, scheduled a meeting between Plaintiff and Sheriff Paschke for September 30, 2014. *See* Compl. ¶¶ 19-20. Plaintiff alleges that, although Personnel Committee meetings are usually unattended, the September 30, 2014 meeting was attended by Judge McLennan, a news reporter, and Sheriff Paschke's attorney. *Id.* at ¶¶ 21-22. A subsequent news report on the meeting represented that Plaintiff Steiger was "adding fuel to the fire." *Id.* at ¶ 23.

In November of 2014, Defendant Commissioners voted against giving Plaintiff Steiger a raise for the 2015 calendar year. Compl. ¶ 24. Then, on or about August 28, 2015 Defendant Commissioners voted in favor of removing Plaintiff from his role as civil counsel for the County. *See* Compl. ¶¶ 28-30. Defendants' alleged that Plaintiff was being removed because they had "lost confidence" in him. Plaintiff alleges that both of these actions were in retaliation for

inmate lawsuits filed against officers of the Sheriff's Department, Plaintiff's allegations that civil rights violations were occurring in the county jail, and Plaintiff's malicious prosecution lawsuit against members of the Sheriff's Department. *Id.* at ¶¶ 24, 32-33.  As a result, Plaintiff initiated the present action.

In his proposed amended complaint, Plaintiff argues that these actions resulted in his constructive discharge from the position of County Prosecutor. Specifically, Plaintiff alleges that these actions forced him to decide not to run for re-election, and so "on or about March 4, 2016, Plaintiff issued a Press Release which indicated that he will not be seeking re-election as a result of the unlawful retaliation that he has endured while employed as a prosecutor for Defendant Presque Isle County."  *See* Mot. to Amend ¶¶ 4, 8.  He also seeks to add Sheriff Paschke and Judge McLennan as Defendants.  Plaintiff alleges that Judge McLennan acted in his individual and official capacities, but outside the scope of his judicial duties, in negatively influencing the September 30, 2014 personnel meeting in retaliation for Steiger's speech that raised concerns about Judge McLennan's treatment of Ms. Stacer. *Id.* at ¶¶ 7, 30, 41. He alleges that Sheriff Paschke acted within the scope of his employment in negatively influencing the September 30, 2014 personnel meeting in retaliation for Steiger's lawsuits. *Id.* at ¶¶ 8, 30, 41.

## II.

Because Plaintiff Steiger's proposed amendments are dependent to a degree upon his existing claims, Defendant's motion to dismiss will be considered first. A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).  In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert*, 517 F.3d at 439. The pleader need not have

- 5 -

provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (quotations and citation omitted).

## A.

As an initial matter, the parties appear to confuse the distinction between individual and official capacity suits. As explained by the Supreme Court in *Kentucky v. Graham*, 473 U.S. 159 (1985), individual capacity lawsuits, otherwise known as personal capacity lawsuits, "seek to impose personal liability upon a government official for actions he takes under color of state law." *Id*. at 165. To establish such a claim in a § 1983 action "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166. In contrast, a suit against a government official in his or her official capacity represents another way of pleading an action against an entity of which the official is an agent, and must meet the requirements set forth in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) and its progeny. *See id.* at n. 55; *Graham*, 473 U.S. at 165 ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). To the extent Plaintiff asserts claims against Presque Isle County and claims against the Commissioner Defendants in their official capacities, his claims are duplicative. And to the extent Defendant Commissioners argue that they cannot be sued in their individual capacities because they were acting "under color of law" their arguments are without merit.

- 6 -

## B.

The Commissioner Defendants argue that Plaintiff's claims against them must be dismissed because they are entitled to legislative immunity. The United States Constitution protects federal legislators from liability for their legislative activities. U.S. Const., art. I, § 6. The Supreme Court has held that such protections extend to state and regional legislators for claims brought against them pursuant to § 1983. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). "Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.'" *Id.* at 54 (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). "Legislation ... looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power." *Prentis v. Atl. Coast Line Co.*, 211 U.S. 210, 226 (1908). Under the functional test, "[w]hether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan*, 523 U.S. at 54. "It is the defendants' burden to establish the existence of absolute legislative immunity." *Canary v. Osborn*, 211 F.3d 324, 328 (6th Cir. 2000).

Plaintiff alleges that Defendants took two actions in violation of his constitutional rights. First, Plaintiff alleges that Defendants denied him a raise for the 2015 year. Second, Plaintiff alleges that Defendants removed his responsibilities as civil counsel. Defendants argue that both decisions were legislative acts for which they are entitled to immunity. Plaintiff Steiger contends that the decisions were not legislative acts, but were routine employment decisions. Plaintiff relies on *Canary*, in which the Sixth Circuit found that the decision to not renew an employment contract was "an administrative employment decision." 211 F.3d at 330-31 (finding that "the action in substance was not essentially and clearly legislative"). With regard to employment decisions, many circuits have distinguished "between actions that involve the elimination of

positions for policy reasons (legislative actions) and actions that result in an individual's termination for reasons that relate to the individual (administrative actions)." *Leapheart v. Williamson*, 705 F.3d 310, 314 (8th Cir. 2013) (quoting *Bagley v. Blagojevich*, 646 F.3d 378, 394 (7th Cir. 2011)).

### i.

Defendants have not advanced any facts to suggest that denying Plaintiff a pay raise was anything other than an administrative employment decision. Defendants briefly assert, without any supporting evidence or legal authority, that the denial was a budgetary decision falling within the sphere of legislative activities. However, in *Bogan* itself the Sixth Circuit found that a bare-assertion that an action was taken for budgetary reasons was insufficient to establish legislative immunity where all other evidence suggested that the decision was a "personnel action[]", not involving the elimination of a position, with no prospective implications that reached beyond the Plaintiff. *Id.* at 30. The Commissioner Defendants have not met their burden of showing that they are entitled to legislative immunity with respect to this action.

### ii.

Defendants next argue that their decision to remove Plaintiff from his role as civil counsel was legislative. Defendants point to a series of Michigan statutes in support of this argument. Under Michigan Compiled Law § 49.153, "[t]he prosecuting attorneys shall, in their respective counties, appear for the state or county, and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions whether civil or criminal, in which the state or county may be a party or interested." *Id.* However, under M.C.L. § 49.72, a county board has the ability to employ outside counsel to represent the county in civil matters, in which case "the prosecuting attorney of such county shall not act with respect to such matters, unless

requested to do so by the board of supervisors." *Id*. A county board may exercise this option by "a majority vote of the members-elect… whenever the board determines that the prosecuting attorney is unable to properly represent the county." M.C.L. § 49.71. Defendants further emphasize *Wayne Cty. Prosecuting Attorney v. Wayne Cty. Bd. of Comm'rs*, 205 N.W.2d 27 (Mich. Ct. App. 1972), in which the Michigan Court of Appeals held that §§ 49.71 and 49.72 did not amount to an unconstitutional delegation of legislative powers to local boards of commissioners." *Id*. at 32. *See also Prosecuting Attorney of Mackinac Cty. v. Mackinac Cty. Clerk*, 237 N.W.2d 547, 549 (Mich. Ct. App. 1975) (holding that the county board of commissioners had statutory authority to hire civil counsel to represent the county in a single case).

While the precedent cited by Defendants demonstrates that Defendant Commissioners had discretion to employ outside counsel to represent the county in civil matters upon a finding that Plaintiff was unable to represent the county, and that Michigan prosecutors have no property interest in duties related to a county's civil case docket, these are not questions currently before this Court. Instead, the only issue properly raised is whether Defendants actions were legislative – as opposed to administrative – in nature. Because the Michigan Court of Appeals in *Wayne County* was not faced with any legislative immunity issue, any discussion on that point is dicta.

Defendants have not met their burden of establishing that their decision to hire private counsel for the county's civil docket was legislative in nature. Instead, the decision to relieve Plaintiff from a portion of his job responsibilities was an administrative act, akin to a decision to award a contract to a specific bidder. *See Lacorte v. Hudacs,* 884 F. Supp. 64 (N.D.N.Y. 1995) (holding that legislative immunity did not apply to the defendant legislators' decision to award a contract to a bidder that did not submit the lowest bid because the act was administrative in

nature); *Three Rivers Cablevision, Inc. v. City of Pittsburgh*, 502 F. Supp. 1118, 1135 (W.D. Pa. 1980) (holding that legislators' decision to award a contract to plaintiff's competitor was administrative in nature).  Defendant Commissioners are therefore subject to suit against them in their individual capacities.

## C.

Defendants next argue that Plaintiff's state law WPA claim must be dismissed because Defendants are not Plaintiff's employers. In his response, Plaintiff concedes that the pay raise denial falls outside of the WPA statute of limitations, and cannot form a basis of his WPA claim. Therefore, the only relevant question is whether Defendants acted as Plaintiff's employer in removing his responsibilities over the County's civil docket.

The WPA provides that "[a]n employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee … reports … a suspected violation of a law or regulation … to a public body, unless the employee knows that the report is false …." MICH. COMP. LAWS § 15.362.  To show an entitlement to relief, the employee must demonstrate that his primary motivation in reporting is "a desire to inform the public on matters of public concern, and not personal vindictiveness." *See Shallal v. Catholic Soc. Servs. of Wayne Cty.*, 566 N.W.2d 571, 579 (Mich. 1997).  The term "employer" is defined to include "the state or political subdivision of the state." MICH. COMP. LAWS § 15.361(b).  The term "employee" means "a person who performs a service for wages or other remuneration under a contract of hire, written or oral, express or implied. Employee includes a person employed by the state or a political subdivision of the state except state classified civil service." MICH. COMP. LAWS § 15.361(a).

Unlike the federal Age Discrimination Employment Act and Title VII, the WPA does not expressly exempt elected officials from the definition of employee. *See* 29 U.S.C. § 630(f); 42 U.S.C. § 2000e(f). Defendants have not cited any rule or case suggesting that elected officials are excluded from WPA protections. Accordingly, the economic realities test will be applied for the purpose of determining whether Plaintiff Steiger was an employee of the County for the purpose of the WPA. *Chilingirian v. City of Fraser*, 486 N.W.2d 347, 349 (Mich. Ct. App. 1992) (holding that the economic realities test applies to WPA actions). Relevant factors for determining whether Plaintiff Steiger was an employee of the County thus include "(1) control of a worker's duties; (2) payment of wages; (3) right to hire, fire, and discipline; and (4) performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal." *Id.*

From the very facts of this case, it is apparent that all relevant factors weigh in favor of treating Plaintiff Steiger as an employee of the County. Defendant Commissioners concededly were able to control Plaintiff's duties (i.e. whether he was responsible for the County's civil docket), control the payment of his wages, and discipline him. It is also clear that Plaintiff's Steiger's duties were an integral part of successful county operations. Plaintiff Steiger was therefore an employee of the County based on the economic realities of his position.

**D.**

Finally, Defendants argue that Plaintiff has failed to state a claim under the WPA for which relief can be granted. Defendants argue that they are protected by legislative immunity under the Speech and Debate Clause of the Federal Constitution, which preempts Plaintiff's WPA claim. However because Defendants are not entitled to legislative immunity for the reasons stated above, this argument is without merit.

## III.

Plaintiff's motion to amend will now be addressed.   Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations and quotations omitted). Factors that courts should consider when determining whether or not to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment…." *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973). "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 591 (6th Cir. 1990).   Each of Plaintiff's proposed amendments will be addressed in turn.

## A.

Plaintiff first seeks to amend his complaint to add a claim of constructive discharge. Defendant argues that Plaintiff's constructive discharge amendment would be futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) (internal citation and quotation marks omitted).

Defendants' futility argument first rests on the contention that Plaintiff cannot state a stand-alone claim for constructive discharge. This argument confuses Plaintiff's proposed amendment. He does not seek to state constructive discharge as a stand-alone claim, but as component of his existing claims.   To prevail on a first amendment retaliation claim, a plaintiff

- 12 -

must show that "(1) his expressions were protected under the First Amendment; (2) he suffered an adverse employment action; and (3) the adverse action was motivated at least in part as a response to the exercise of [his] constitutional rights." *Savage v. Gee*, 665 F.3d 732, 738 (6th Cir. 2012). Similarly, the WPA prevents an employer from discharging, threatening, or otherwise discriminating against a whistleblowing employee. The constructive discharge allegations are intended to allege a theory of adverse employment action, or discrimination against a whistleblower.[2]

Defendants also argue that Plaintiff was not employed by the County, and so could not be constructively discharged.  As discussed above, however, the economic realities test suggests that Plaintiff was employed by the County. The constructive discharge amendment therefore is not futile for the reasons raised by Defendant.

Plaintiff's constructive discharge claim may be futile for another reason: Defendant did not terminate Plaintiff's services and Plaintiff did not actually quit his term position.  Instead, he served out the end of his term and then chose not to run for reelection.  This, however, is an issue for another day.

**B.**

In his second proposed amendment, Plaintiff seeks to add Judge McLennan and Sheriff Paschke as defendants. Under Federal Rule of Civil Procedure 20, persons may be joined as defendants in an action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will

---

[2] To establish constructive discharge, a plaintiff must demonstrate that "(1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person, (2) the employer did so with the intention of forcing the employee to quit, and (3) the employee actually quit." *Savage v. Gee*, 665 F.3d 732, 738 (6th Cir. 2012). (citations quotation, and alterations omitted).

arise in the action." Fed. R. Civ. P. 20(a)(2). "Joinder is encouraged because it avoids multiple lawsuits involving similar or identical issues." *Pasha v. Jones*, 82 F.3d 418 (6th Cir. 1996) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974)). Rule 20 is permissive, not mandatory, and so allowing a party to amend its complaint in order to add a party under Rule 20 is a matter for this Court's discretion.

Defendants argue that Plaintiff should be denied leave to add Judge McLennan and Sheriff Paschke as parties because the additions would be futile. Defendants argue that Judge McLennan was not a member of the Board of Commissioners, did not have any voting rights, and was exercising his First Amendment rights to attend a public meeting. Defendants similarly argue that the alleged actions taken by Sheriff Paschke fall within his First Amendment rights.

Plaintiff does not allege that either Judge McLennan or Sheriff Paschke is his employer. Nor does he allege that they personally denied him a pay raise or removed his civil case responsibilities. He merely alleges that they attended a public meeting and voiced concerns about Plaintiff. Their addition to his WPA claim would therefore be futile under Rule 12(b)(6).

On the other hand, Plaintiff can state a claim against the proposed defendants as part of his First Amendment § 1983 claims. Plaintiff has specifically alleged that Judge McLennan and Sheriff Paschke were acting in their official capacities and under color of their offices in attending the public meeting, and not in their capacities as private citizens. Even so, for § 1983 purposes a defendant does not have to be an officer of the state, or acting in his capacity as an officer of the state. "It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27-28, (1980). Plaintiff will therefore be permitted to add that Judge McLennan and Sheriff Paschke as

- 14 -

defendants. Because new parties are being added to the action, the scheduling order will be extended 75 days.

IV.

Accordingly, it is **ORDERED** that Defendants' motion to dismiss, ECF No. 20, is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's pay raise allegations may not form a basis of his WPA claim.

It is further **ORDERED** that Plaintiff's motion to amend is **GRANTED IN PART AND DENIED IN PART.** Plaintiff is **GRANTED LEAVE** to amend his complaint to add facts asserting constructive discharge and to add Judge McLennan and Sheriff Paschke as defendants to his § 1983 claim. The amended complaint is must be filed by **November 16, 2016**.

It is further **ORDERED** that the scheduling order is **EXTENDED** as follows:

| | |
|---|---|
| Settlement Conference: | **January 18, 2017 at 2:00 p.m.** |
| Discovery Cutoff: | **January 23, 2017** |
| Motions Challenging Experts: | **February 6, 2017** |
| Dispositive Motions Due: | **February 23, 2017** |
| Motions *in limine* Due: | **May 9, 2017** |
| Final Pretrial Order & Instructions: | **May 20, 2017** |
| Final Pretrial Conference: | **June 6, 2017 at 4:00 p.m.** |
| Trial Date: | **June 20, 2017 at 8:30 a.m.** |

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 8, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager