UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD KEVIN STEIGER,

        Plaintiff,                              Case No. 15-cv-14142

v                                                    Honorable Thomas L. Ludington

PRESQUE ISLE COUNTY, et al.,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND
DENYING PLAINTIFF'S MOTION FOR A TELEPHONIC STATUS CONFERENCE**

Plaintiff Richard Kevin Steiger, former County Prosecutor for Defendant Presque Isle County, initiated the above-captioned matter by filing his complaint on November 24, 2015. *See* Compl., ECF No. 1. Plaintiff alleges that, in response to his attempts to expose corruption in the Presque Isle County Sheriff's Department, Defendant Presque Isle and various members of the Presque Isle County Board of Commissioners denied him a raise for the 2015 calendar year and voted to discontinue using him as civil counsel. Plaintiff alleges that these actions constitute a violation of Plaintiff's First Amendment rights to free speech and to petition government under 42 U.S.C. § 1983, and a violation of the Michigan Whistleblowers' Protection Act ("WPA"), Michigan Compiled Law § 15.361.

On August 1, 2016 Plaintiff Steiger filed a motion for leave to file a first amended complaint, seeking to add § 1983 claims against two additional parties, Presque Isle Sherriff Robert Paschke and Judge Donald McLennan. *See* Mot to Amend ¶ 7; ECF No. 15. Plaintiff's motion to amend was granted, and Plaintiff filed his amended complaint on November 15, 2016 adding Defendant Paschke and Defendant McLennan. *See* Am. Compl. ECF No. 37.

After obtaining a number of adjournments to the discovery deadline, on March 15, 2017 Defendants Paschke and McLennan filed a motion for judgment on the pleadings asserting the defense of qualified immunity. *See* ECF No. 54. In conjunction with that motion, on March 28, 2017 Defendants Paschke and McLennan filed a motion for a protective order under Federal Rule of Civil Procedure 26, seeking to stay any further oral or written discovery until the qualified immunity issue is resolved. *See* ECF No. 57. On March 30, 2017, the Commissioner Defendants also filed a motion for judgment on the pleadings asserting qualified immunity. *See* ECF No. 58. On April 13, 2017 Plaintiff Steiger responded to Defendants' motions by filing an "Emergency Motion to Request a Telephone Conference with the Court and Counsel for the Parties Before Tuesday, April 18, 2017." *See* ECF No. 64. Through the motion, Plaintiff argues that Defendants should be required to go forward with scheduled depositions because the Court has represented that no further extensions would be granted to the scheduling order. *Id*.

Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, (1985). The doctrine protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Because resolution of Defendants' motions in their favor would render them immune from suit and would prevent Plaintiff from conducting any further discovery, Defendants' motion for a protective order will be granted. For the same reason, Plaintiff's motion for an

emergency status conference will be denied. If Defendants' motions are ultimately denied, the Court will work with the parties to establish a new, expedited scheduling order.

Accordingly, it is **ORDERED** that Defendants' motion for a protective order, ECF No. 57, is **GRANTED**. Discovery is **STAYED** pending resolution of Defendants' motions for judgment on the pleadings.

It is further **ORDERED** that Plaintiff's motion for a telephonic status conference, ECF No. 64, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 17, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 17, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager